UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HEATHER STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00092-JMS-MJD |
| | ) | |
| DOYLE T. WRIGHT, | ) | |
| CITY OF CLINTON, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Heather Stone claims that Defendant Deputy Chief of Police for the City of Clinton, Doyle Wright ("Deputy Chief Wright"), conspired with the Deputy Prosecutor of Vermillion County to arrest and charge Ms. Stone with battery resulting in serious bodily injury, a D Felony. [Filing No. 1-1 at 1-2.] On October 11, 2016, Ms. Stone initiated this litigation against Deputy Chief Wright and the City of Clinton (collectively, "Defendants") in state court alleging false arrest and malicious prosecution claims pursuant to 42 U.S.C. § 1983, and state law claims of false arrest and malicious prosecution. [Filing No. 1-1 at 1 (Second Amended Complaint); Filing No. 1-1 at 8 (original Complaint).] Defendants filed a Notice of Removal arguing that this Court has subject matter jurisdiction. [Filing No. 1.] Presently pending before the Court is Defendants' Motion to Dismiss. [Filing No. 5.] Ms. Stone opposes that motion. [Filing No. 9.] The motion is now ripe for the Court's review.

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson, 551 U.S. at 93* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### RELEVANT BACKGROUND

The relevant background is set forth pursuant to the applicable standard of review, which requires the Court to accept all of Ms. Stone's well-pled allegations as true at this stage of the proceedings.

On March 21, 2014, the Vermillion County Department of Child Services conducted an investigation involving Ms. Stone and her ward, a two-year old child, regarding allegations of injury and abuse. [Filing No. 1-1 at 2.] The Department of Child Services determined that such allegations were unsubstantiated given that they found no evidence of injury or abuse. [Filing No. 1-1 at 2.] On May 6, 2014, Deputy Chief Wright executed a false Affidavit for Probable Cause

alleging that on March 19, 2014, Ms. Stone "touched [the child] in a rude, insolent or angry manner, resulting in bodily injury. . . ." [Filing No. 1-1 at 1.] Despite the fact that the evidence from the Department of Child Services determined that no injury occurred, Chief Deputy Wright requested that felony battery charges be filed against Ms. Stone. [Filing No. 1-1 at 2.] On May 9, 2014, "knowing the charges to be false," the Deputy Prosecutor requested and the Vermillion Circuit Court issued a warrant for the arrest of Ms. Stone, alleging battery resulting in serious bodily injury, a D Felony. [Filing No. 1-1 at 2.] Ms. Stone was subsequently arrested and held in the Vermillion County Jail under a $10,000 bond. [Filing No. 1-1 at 2.] Upon her release, a "no contact order" was issued prohibiting Ms. Stone from having contact with the child until the conclusion of the case. [Filing No. 1-1 at 2.] On November 22, 2015, the Vermillion Circuit Court dismissed the criminal charges against Ms. Stone. [Filing No. 1-1 at 2.] Ms. Stone "has suffered damages by reason of such false charges, and prosecution, by her estrangement from her ward and family, the expenses of living apart from her husband and family, the disruption of her marriage and home and the embarrassment in her community." [Filing No. 1-1 at 2.]

Ms. Stone filed this cause of action against Defendants in state court on October 11, 2016, alleging false arrest and malicious prosecution claims pursuant to 42 U.S.C. § 1983, and state law claims of false arrest and malicious prosecution. [Filing No. 1-1 at 1 (Second Amended Complaint); Filing No. 1-1 at 8 (original Complaint).] On February 23, 2017, Defendants removed this litigation to this Court. [Filing No. 1.] Presently pending before the Court is Defendants' Motion to Dismiss. [Filing No. 5.]

### III.
#### DISCUSSION

Defendants challenge all of Ms. Stone's claims. [Filing No. 6 at 1.] They argue that Ms. Stone's § 1983 false arrest claim is time-barred by the statute of limitations. [Filing No. 6 at 7.]

3

They further argue that her § 1983 malicious prosecution claim fails because she does not assert a distinct constitutional violation, and does not demonstrate that Defendants acted with malice or without probable cause. [Filing No. 6 at 2.] With respect to Ms. Stone's state law claims, Defendants argue that Ms. Stone's false arrest claim is time-barred by the Indiana Tort Claims Act and the statute of limitations, and her malicious prosecution claim is barred by immunity. [Filing No. 6 at 2.] The Court will first address Ms. Stone's § 1983 claims.

### A. False Arrest Claim Pursuant to § 1983

Defendants argue that Ms. Stone's § 1983 false arrest claim fails because it is time-barred by the statute of limitations. [Filing No. 6 at 7.] They claim that a cause of action for false arrest "accrues, at the latest, when a Plaintiff is bound over for trial or arraigned on the charges." [Filing No. 6 at 7.] Defendants argue that Ms. Stone should have filed her lawsuit, at the latest, by May 11, 2016, given that there was probable cause to make an arrest on May 9, 2014, and her detention ended on May 11, 2014. [Filing No. 6 at 7.]

In response, Ms. Stone argues that the statute of limitations began to run when her lawsuit was dismissed on November 22, 2015, and that she had until November 22, 2017 to file her claim. [Filing No. 9 at 2.]

Defendants did not file a reply brief.

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Indiana, such claims must be brought within two years. *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citing Ind. Code § 34-11-2-4). The Supreme Court has held that an action for a false arrest claim begins to accrue "'at the time the claimant

4

becomes detained pursuant to legal process' – that is, when the arrestee is bound over by a magistrate or arraigned on charges." *Serino*, 735 F.3d at 591 (quoting *Wallace*, 549 U.S. at 397).

Ms. Stone's argument that her false arrest claim began to accrue when her criminal case was dismissed is unavailing. This argument was squarely rejected by the Supreme Court in *Wallace*. Here, the state court issued a warrant for her arrest on May 9, 2014, Ms. Stone was arrested on May 10, 2014, and she was released on May 11, 2014 after she posted bond. [Filing No. 5-1 at 2.][1] According to *Wallace*, Ms. Stone's false arrest claim began to accrue when she was detained pursuant to legal process – meaning, when a warrant was issued or when she was bound over by a magistrate or arraigned on charges. Per the chronology set forth above, the date when Ms. Stone's false arrest claim began to accrue is May 9, 2014, when the court found probable cause for battery resulting in bodily injury, issued an arrest warrant, and set an amount for bond. [Filing No. 5-1 at 2.] Ms. Stone therefore had until May 9, 2016 to file her false arrest claim. Instead, she waited until October 11, 2016 to file her complaint. Accordingly, her state law false arrest claim is time-barred by the statute of limitations.

### B. Malicious Prosecution Claim Pursuant to § 1983

The Defendants next argue that Ms. Stone does not allege a specific constitutional violation and fails to satisfy the elements of a federal malicious prosecution claim. [Filing No. 6 at 13.] They argue that Ms. Stone "fails to assert a specific constitutional violation resulting from the alleged malicious prosecution against her." [Filing No. 6 at 13.] They further claim that she "only

---

[1] Defendants attached as an exhibit with their Motion to Dismiss the chronological case summary of Ms. Stone's criminal case. The Court may consider this exhibit because it is part of Ms. Stone's criminal case, and so it is a public record of which the Court may take judicial notice. *See White v. Keely*, 814 F.3d 883, 886 n.2 (7th Cir. 2016) ("We may take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6)"); *Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015) (same principle).

5

alleges generally that [Chief Deputy Wright] provided false information and that he lacked probable cause to initiate proceedings against [her]," which they claim are not sufficient allegations to demonstrate that the Defendants acted with malice and that the proceedings were done in the absence of probable cause. [Filing No. 6 at 14-15.]

In response, Ms. Stone argues that she has alleged a constitutional violation. [Filing No. 9 at 4.] She claims that her complaint alleges "torts of false arrest and malicious prosecution as violations of her constitutional rights under the [Fourteenth] Amendment. . . ." [Filing No. 9 at 4.]

A federal constitutional claim of malicious prosecution under § 1983 is actionable when no adequate state-law remedy exists. *Newsome v. McCabe,* 256 F.3d 747, 750-51 (7th Cir. 2001) (citing *Albright v. Oliver,* 510 U.S. 266 (1994)). In Indiana, state officers and employees acting within the scope of their employment for the "initiation of a judicial or an administrative proceeding" are granted absolute immunity, thus opening the door for federal malicious prosecution claims. *Julian v. Hanna,* 732 F.3d 842, 846-848 (7th Cir. 2013) (citing Ind. Code § 34-13-3-3(6)). However, "[f]ederal courts are rarely the appropriate forum for malicious prosecution claims." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014). This is because "individuals do not have a 'federal right not to be summoned into court and prosecuted without probable cause.'" *Id.* (citations omitted). In order to state a viable malicious prosecution claim under § 1983, a plaintiff must "alleg[e] a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Id.*

To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) she has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) she was deprived of liberty or was

6

subject to some other constitutional deprivation. *Welton*, 770 F.3d at 674 (citations omitted). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Id.* (citing *Golden Years Homestead, Inc. v. Buckland,* 557 F.3d 457, 462 (7th Cir. 2009)). Malice may be shown "by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Welton*, 770 F.3d at 674.

In her Second Amended Complaint, Ms. Stone alleges generally that Chief Deputy Wright executed a false Affidavit for Probable Cause accusing Ms. Stone of a felony battery, Chief Deputy Wright conspired with the Deputy Prosecutor to charge Ms. Stone with a felony battery without probable cause, Ms. Stone was wrongfully arrested and detained under a $10,000 bond, and the Vermillion Circuit Court dismissed her charges one year later. [Filing No. 1-1 at 1-2.] She claims that Defendants committed the torts of false arrest and malicious prosecution, and a violation of Ms. Stone's rights under the Fourteenth Amendment. [Filing No. 1-1 at 2-3.] These allegations are insufficient to state a claim for malicious prosecution pursuant to § 1983. Defendants rely on *Welton*, which is directly on point to this case. In *Welton*, the plaintiff failed to state a predicate constitutional violation in support of his malicious prosecution claim. 770 F.3d at 673. *Welton* noted that "[m]alicious prosecution is not by itself an infringement on the constitutional right to due process under the Fourteenth Amendment. . . . It must also be based on a separate deprivation of a constitutional right." *Id* at 674. Here, Ms. Stone's claim of malicious prosecution predicated solely upon an alleged constitutional violation under the Fourteenth Amendment. She fails to base her federal malicious prosecution claim on the violation of a separate constitutional right, "such as

7

the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Id.* at 673.

In any event, even if Ms. Stone had sufficiently alleged a predicate constitutional violation, she still failed to allege sufficient facts that demonstrate that Defendants acted maliciously and without probable cause. In *Welton*, the Seventh Circuit pointed out that the plaintiff "offers no facts purporting to show malice. Instead, he merely concludes that [the officer's] behavior was malicious and that the result of her conduct was a prosecution without probable cause. Such conclusory allegations, without more, are insufficient to state a claim." *Id.* at 674. Likewise here, Ms. Stone has failed to allege any facts that demonstrate that Defendants acted with malice, and merely provided a conclusory allegation that Chief Deputy Wright acted without probable cause. Accordingly, Ms. Stone has failed to state a § 1983 malicious prosecution claim.

**C. Ms. Stone's State Law Claims**

Because Ms. Stone's § 1983 false arrest and malicious prosecution claims are dismissed pursuant to this Order, her only remaining claims are state law claims of false arrest and malicious prosecution. The Court must now determine whether it retains jurisdiction over the litigation.

A district court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .") (citation and quotation omitted). When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350 n.7 (1988)). "In the usual case in which all federal claims are dismissed before trial, the balance of these factors will point to declining to exercise jurisdiction over any remaining pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

This case was originally filed in state court until Defendants removed it to this Court on February 23, 2017. The lawsuit is still in the early stages of the litigation, given that Defendants have filed only one motion to dismiss since its removal to this Court, and the parties have not committed significant resources to the litigation in this forum. Moreover, the claims that remain are exclusively matters of state law. Given these considerations, the factors weigh in favor of declining to exercise supplemental jurisdiction. The Court therefore dismisses Ms. Stone's state law claims for lack of jurisdiction.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss, [Filing No. 5]. The Court **DISMISSES WITH PREJUDICE**, Ms. Stone's false arrest and malicious prosecution claims pursuant to 42 U.S.C. § 1983, and **REMANDS** Ms. Stone's state law claims of false arrest and malicious prosecution back to the Vermillion Circuit Court. Judgment consistent with this Order shall issue.

Date: 8/15/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**